219 A.2d 471.

ALBERT W. FISKE *vs.* JENNIE CONCETTA MARINO.

MAY 18, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This action of trespass on the case for negligence is before us on the defendant's exceptions to the decisions of a superior court justice denying two motions to set aside a default judgment and reinstate the case for trial.

It appears from the record that plaintiff is a member of the Rhode Island state police who, in the performance of his duties on February 24, 1963, sustained multiple injuries which he alleges resulted from defendant's negligent opera-

tion of a motor vehicle on Nooseneck Hill road in the town of West Greenwich.

On February 4, 1965, a writ of summons was duly served on the registrar of motor vehicles in this state, the required fee was paid, and thereafter notice of such service together with a copy of the writ was sent by registered mail to defendant at 58 Milk street, North Andover, Massachusetts, the address as shown on her registration certificate—all as provided in G. L. 1956, §31-7-7, as amended. See Appendix I.

The writ, returnable March 17, 1965, was duly entered and plaintiff filed his declaration together with proof that the required notice and copy of the process had been sent to defendant by registered mail. The notice and copy of the writ were returned to plaintiff's attorney, however, postal cancellations on the envelope showing several unsuccessful efforts by the postal department to deliver the correspondence to defendant.

The case, unanswered, was called May 17, 1965 and, defendant not appearing, it was continued to June 8, 1965 at which time, on oral proof of damages, a nil dicit judgment in the sum of $3,400 was entered for plaintiff.

On August 27, 1965, defendant filed the first of two motions to set aside the judgment and reinstate the case as provided by G. L. 1956, §9-21-2. See Appendix II.

This was accompanied by defendant's affidavit setting forth that she had never received notice of the pending action nor a copy of the writ; that she did not know of the action until after the entry of judgment as aforesaid; that in February 1965 she was no longer residing at the North Andover address, which was the home of her mother who was in Florida from January through March 1965; and that her own address at the time was 366 Old Colony Road, Norton, Massachusetts.

Her affidavit also stated that she had a meritorious defense which she wished in good faith to present at a trial,

if one were had. Her statements in this regard, however, are mere expressions of opinion or conclusions and do not constitute allegations of fact which if established would tend to affect the outcome of a trial. As such they fall short of the requirement held to be essential by this court in *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.*, 44 R. I. 458, *Nelen* v. *Wells*, 45 R. I. 424, and *Pono* v. *Cataldo*, 89 R. I. 242, among others.

The motion was also accompanied by an affidavit of her attorney which, on information and belief, alleged facts upon which a determination of a prima facie defense could be made. Holding as a matter of law that this latter affidavit did not constitute compliance with the statute, the superior court justice denied the motion at a hearing held September 20, 1965. From that decision defendant seasonably prosecuted her bill of exceptions to this court.

Thereafter, however, on October 21, 1965, she filed a second motion in the superior court, supplemented by her affidavit restating lack of knowledge as to the pendency of the action and setting forth allegations of fact relative to a meritorious defense. This motion was heard on November 15, 1965 and denied by the superior court justice on the ground that no cause had been shown. From that decision defendant duly prosecuted a second bill of exceptions which, because of the view that we take of the September 20, 1965 decision, requires no consideration and is therefore dismissed pro forma.

Before turning to a consideration of her first bill of exceptions, we deem it advisable to comment on the unusual if not irregular procedures adopted by defendant. The plaintiff has not raised the question of whether §9-21-2 will support a succession of motions with each adverse decision thereon open to review in this court. Nor has defendant so much as suggested affirmative support for such a proposition. If explored, the question might conceivably prove

troublesome. Be that as it may, however, and notwithstanding our right to a contrary course of action, we deem it advisable in this instance to leave the question unanswered while sounding a cautionary note that the practice, if permissible, should not be put to common use.

In passing on defendant's first motion, the superior court justice concerned himself solely with the competency of the evidence before him bearing on the issue of a meritorious defense. Concluding that the affidavit of defendant's counsel did not comply with the requirement of the statute in this regard, he gave no consideration to the question of whether cause had been shown. Since we believe that defendant should have prevailed on her first motion, it becomes necessary for us to consider whether cause and a prima facie meritorious defense were established. See *McLeod* v. *Fleetwood Motor Sales Inc.*, 83 R. I. 447, *Pono* v. *Cataldo, supra,* and *Pettis* v. *Henderson,* 91 R. I. 191.

In a long line of decisions this court has repeatedly held that a motion to set aside a default judgment is addressed to the judicial discretion of the court having jurisdiction of the litigation and a decision therein will not be disturbed except for an abuse of discretion or an error of law. *Fox* v. *Artesian Well & Supply Co.,* 34 R. I. 260; *Roy* v. *Tanguay,* R. I., 131 Atl. 553; *Borden* v. *Briggs,* 49 R. I. 207; *Vingi* v. *Vigliotti,* 63 R. I. 9; *Vitullo* v. *Ambrosino,* 77 R. I. 84.

We turn then to a consideration of the superior court justice's determination that the affidavit of defendant's attorney did not comply with the provisions of the statute. It is apparent from his decision that he entertained no doubt as to the sufficiency of circumstances set forth. Rather, he was motivated by the fact that they were not within the personal knowledge of defendant's attorney. Indeed, in *McLeod* v. *Fleetwood Motor Sales Inc., supra,* this court in reversing a superior court justice's decision granting the motion made note of the fact that the statements of the de-

fendant's attorney were not based on personal knowledge. However, the statements were also mere conclusions. Neither were they under oath. It seems clear from a careful reading of the case that, had counsel's statements been material to a defense and made under oath, our decision would have been otherwise. See also *Harrington* v. *Harrington,* 66 R. I. 363, where this court, in approving as competent counsel's statements made to the superior court justice, observed that the unavailing objection thereto was to the form rather than to the substance.

Counsel for a movant in these cases is an officer of the court, very likely cognizant of the facts upon which his client's defense would be based, and his statement thereof made under oath should, we believe, be accepted as competent. Manifestly, the better practice would be to supplement the motion with the party's own affidavit but in the circumstances here present it is our judgment that the superior court justice erred in rejecting the affidavit of counsel.

There remains the question of whether defendant has shown cause such as to call for a favorable exercise of judicial discretion. As heretofore noted the superior court justice did not pass upon this question, but whereas here the probative facts are not in dispute this court is in as good a position to pass upon them as was the superior court justice. See *Cobb's Inc.* v. *Fitzpatrick,* 61 R. I. 1.

It appears from an affidavit supplied by plaintiff's attorney that at least for two months prior to the calling of the case for trial he had been in communication with defendant's insurer. Although he states that he believes the last such communication to have been after the writ was entered and further believes recalling that he so advised defendant's insurer, this affidavit was not before the judge who entered the nil dicit judgment. If it had been, there is every likelihood that the case would have been continued for the pur-

pose of giving notice, at least to defendant's insurer, that the case was ready for trial.

We are moved to make this observation because of a very pertinent provision of §31-7-7, as amended (Appendix I). After setting forth the procedures governing substitute service on nonresident motor vehicle operators, the statute provides, "The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

We think it obvious that the legislature, recognizing that notice to a defendant of service on the registrar might not always be expeditiously consummated, intended to provide against a hasty foreclosure of a nonresident's right to be heard.

In the case at bar it is clear from the affidavit of plaintiff's attorney, executed after the entry of the nil dicit judgment, that defendant need not have been defaulted had the court been aware that her insurer was known and could be readily notified.

The safeguard against incautious defaulting of a nonresident operator intended by §31-7-7, as amended, proving unavailing here, we are constrained to hold that the defendant has shown such cause as warrants relief under the applicable statute.

The plaintiff, however, should not be made to suffer because we have afforded relief to the defendant. The plaintiff should be reimbursed for the expense of the proceedings in the superior court wherein the defendant was defaulted and the motions related thereto as well as for the expense of preparing the brief and appearing in this court.

The defendant's exception to the denial of her first motion to vacate the default judgment rendered against her is sustained, and the case is remitted to the superior court with direction to set aside the judgment and reinstate the case for trial provided the defendant shall pay the plain-

tiff's costs and a counsel fee of $350 on or before June 10, 1966; otherwise the defendant's exception is overruled.

## APPENDIX I

§31-7-7 as amended. "Service on nonresident.—Service of such process shall be made by leaving a copy of the process with a fee of five dollars ($5.00) in the hands of the registrar of the registry or in his office with some one acting in his stead as such registrar and such service shall be sufficient service upon the said nonresident; provided, that notice of such service and a copy of the process shall be forthwith sent by registered or certified mail by the plaintiff or his attorney of record to the defendant at the address given upon said defendant's registration or operator's license, and the sender's post office receipt of sending and the plaintiff's or his attorney's affidavit of compliance herewith are appended to the process and entered with the declaration or that such notice and a copy of the process are served upon the defendant by leaving the same in his hands or possession by a duly constituted public officer qualified to serve civil process in the state or jurisdiction where the defendant is found, and such officer's return showing such service to have been made at least fifteen (15) days before the return day of the process is appended to the process and entered with the declaration. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action. * * *"

## APPENDIX II

§9-21-2. "Control retained over judgment or decree.—In case of judgment by default, or in case of judgment entered by mistake, or in case of decrees in all equity causes and causes following the course of equity, the court entering the same shall have control over the same for the period of six (6) months after the entry thereof, and may, for cause shown, set aside the same and reinstate the cause, or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may direct by general rule or special order."

*Aram A. Arabian, Manuel A. DeCarvalho,* for plaintiff.

*Gunning & LaFazia, Bruce M. Selya, John D. Lynch,* for defendant.