235 A.2d 874

JAMES KING *vs.* CARL BROWN.

NOVEMBER 29, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.  In this action for assault and battery, we consider for the second time the plaintiff's exception to the decision of a superior court justice, removing a judgment entered by default against the defendant.  When the case was first here, *King* v. *Brown*, 102 R. I. 42, 227 A.2d 589, we reaffirmed our rule that neglect or inattention of counsel without more will not constitute "cause shown" or "mistake" within the contemplation of G. L. 1956, §9-21-2, as it read when the default was removed.  We found that the trial justice abused his discretion in vacating a default judgment upon the limited showing that the defendant "did turn over this writ of summons to his attorney * * * and did engage * * * as attorney to represent him in this matter."  Because the standards controlling the right to be relieved from a default judgment had been changed, however, prior to the case being argued in this court, we did not overrule.  Instead, we directed reargument and gave the parties leave to present their views on whether the newly adopted guide-

156

lines[1] were relevant to our considerations, and if so, whether they entitled defendant to relief. Inasmuch as the parties agree that the new standards control, the only question is whether the *unexplained* neglect and inattention of defendant's counsel constitute such "mistake, inadvertence, surprise, or excusable neglect" as will justify vacating the default judgment.

The liberal application which the inadvertence and excusable neglect standard has received in the federal courts suggests that a trial justice may now have a wider latitude for the exercise of his discretion than he had under the test which heretofore prevailed. The new standard, however, is neither available to circumvent other procedural requirements nor is it so latitudinous as to permit relief where the neglect is without excuse. 3 Barron & Holtzoff, §1325, p. 402 et seq.; 7 Moore, Federal Practice (2d ed.) ¶60.22 [2] at 230.

Here defendant in substance concedes that he may have been neglectful in the selection of his attorney, but he argues, nonetheless, that he did all that could reasonably have been expected of him when he gave the writ of summons to his legal representative, and he says that his counsel's inattention and neglect, even though unexplained, should not be attributed to him. Were we to accept that contention, consistency would demand that we reject that fundamental of agency law which imputes the neglect of an attorney in professional matters to his client and considers the omissions of the attorney as though they were the neglect of the client himself. *Wheiles* v. *Aetna Life Ins. Co.*, 68 F.2d 99; *Dumas* v. *Hartford Accident & Indem. Co.*, 94 N. H. 484, 56 A.2d 57; *Mosher* v. *Mutual Home & Sav. Ass'n*, 35

---

[1]The amendment of G. L. 1956, §9-21-2, as well as rule 60(b) of the rules of civil procedure of the superior court by P. L. 1965, chap. 55, sec. 36, permit the court on motion to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."

Ohio L. Abs. 445, 41 N. E. 2d 871. See 1 Restatement, Agency 2d §253, pp. 553-54. That principle points to the conclusion that a client should not be relieved of a default judgment resulting from the failure of his selected counsel to comply with procedural requirements, unless it is first factually established that his neglect was occasioned by some extenuating circumstance of sufficient significance to render it excusable. Unexplained neglect, standing alone and without more, whether it be of a party or of his attorney, will not automatically excuse noncompliance with orderly procedures. *Frank* v. *New Amsterdam Casualty Co.,* 27 F.R.D. 258; *Ledwith* v. *Storkan,* 2 F.R.D. 539. An efficient administration of the judicial system permits no other result. *Ohliger* v. *United States,* 308 F.2d 667.

Within these concepts counsel's unexplained failure in this case to tend to the writ of summons given to him to defend does not constitute a ground for relieving the defendant from the default, and it was, therefore, an abuse of discretion to vacate the judgment.

The plaintiff's exception is sustained, the judgment vacated is reinstated, and the case is remitted to the superior court for further proceedings.

*John S. Brunero,* for plaintiff.

*Harry F. McKanna, Jr.,* for defendant.