266 A.2d 417.

Isadore H. Bloom *vs.* Elaine A. Trudeau.

JUNE 24, 1970.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J.  This is an appeal from an order entered pursuant to a Superior Court justice's denial of the defendant's motion to vacate a default judgment.

The action arose out of a motor vehicle accident in March 1968.  The plaintiff commenced a civil action for damages in January 1969, and service of the complaint and summons were duly made on the defendant on February 8, 1969.  The complaint and summons were filed with the clerk of the Superior Court on February 14, 1969.  The defendant having filed no answer nor taken any other action in the Superior Court, plaintiff moved for and obtained a nil dicit judgment on April 3, 1969.  On June 13,

1969, a hearing was held and damages in the amount of $2,176.20 were awarded.

Thereafter, namely on July 1, 1969, defendant filed in Superior Court a motion to vacate the default judgment in accordance with Rules 55(c) and 60(b) of the Super. R. Civ. P. A hearing on the motion was held in Superior Court on July 10, 1969, and denied.

The defendant's motion alleged that the failure to answer the complaint was caused by the "mistake, inadvertence, surprise of [sic] excusable neglect of the H. L. Theroux Insurance Agency," defendant's insurance agent. She accompanied this with an affidavit which purports to present facts which, if believed, would constitute a meritorious defense. See *McLeod* v. *Fleetwood Motor Sales, Inc.*, 83 R. I. 447, 118 A.2d 921.

At the hearing on the motion to vacate, the office manager of the insurance agency testified that he recalled seeing defendant in his office in February 1969, at which time she gave him the writ which he turned over to the agency's claims girl, so-called. He further testified that the normal practice of the agency is to direct the writ to the claims girl who then forwards it to the insuring company. The employee, at the time, was experienced in her job and was considered "capable and competent." The office manager also testified that as a result of a telephone conversation in June 1969, he had occasion to examine defendant's file in his office and discovered the summons and complaint. It is also his testimony that at the time the writ was initially brought into the office, they were handling numerous claims and the work load of the claims girl had increased. At the time of the hearing the claims girl was no longer in the employ of defendant's agent and was not called as a witness.

On this state of the record, the Superior Court justice specifically found that there was no mistake, inadvertence,

surprise or excusable neglect of a nature to warrant vacating the default judgment and an order was accordingly entered.

A motion to vacate a default judgment is addressed to the judicial discretion of the justice having jurisdiction over the matter and his ruling will not be disturbed by this court, absent a showing of abuse of discretion or an error of law. *Fiske* v. *Marino,* 100 R. I. 758, 219 A.2d 471; *King* v. *Brown,* 103 R. I. 154, 235 A.2d 874.

We have held that unexplained neglect, standing alone, without more, will not automatically excuse noncompliance with orderly procedures. *King* v. *Brown, supra;* *Fields* v. *S. & M. Foods, Inc.,* 105 R. I. 161, 249 A.2d 892. In the present case, the only possible suggestion of an explanation for defendant's agent's neglect was the increased workload in the office of the insurance agent. Absent some indication of how this may have possibly affected the handling of the papers in the instant case, or any explanation of what actually happened or even may have happened to the complaint and summons, the trial justice was within his sound discretion in denying the motion. Compare *Pono* v. *Cataldo,* 89 R. I. 242, 152 A.2d 99, where the evidence established that defendant answered but by inadvertence, his pleading was filed with an earlier case between the same parties.

The defendant's appeal is denied and dismissed, the order appealed from is affirmed, and the case is remitted to the Superior Court.

*Morriss & Vacca, James R. Morriss, Anthony Vacca,* for plaintiff.

*Keenan, Rice, Dolan & Reardon, John W. Kershaw,* for defendant.