274 A.2d 163.
FREDERICK STEVENS *vs.* GULF OIL CORPORATION.
FEBRUARY 23, 1971.
PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J.   This is an appeal from a Superior Court order denying and dismissing the defendant's motion asking that a default judgment entered against it be set aside.

Gulf Oil Corporation owns a new modern gasoline station facility located in Providence near LaSalle Square. The front of the building consists of 22 plate glass panels framed in metal.   Each panel measures ten feet in height and three feet in width.   In early November 1969 plaintiff was injured when he walked through one of the glass panels.   He was a passenger in an automobile that had stopped at the station for gas.   He started this suit on February 6, 1970.   A copy of the summons and complaint was served upon Gulf's attorney for service of process on February 9, 1970.   The suit papers were immediately forwarded to Gulf's New York office and on February 10, 1970, the documents were sent to the Providence office of The Travelers Insurance Company.   There, the documents were misfiled.   On April 3, 1970, a default judgment was entered.   Sometime in June 1970, the claims supervisor of Travelers came across the misplaced documents.   Gulf's motion to remove the default was filed on June 19, 1970. It is based upon Super. R. Civ. P. 60(b) which, in addition to other grounds, authorizes relief from the operation of a judgment because of mistake, inadvertence, surprise, excusable neglect or for any other reason justifying relief.

A motion to vacate a default judgment is addressed to the trial justice's sound judicial discretion and his ruling will not be disturbed on appeal absent a showing of an abuse of discretion or an error of law.   *Bloom* v. *Trudeau*,

107 R. I. 303, 266 A.2d 417; *Fiske* v. *Marino,* 100 R. I. 758, 219 A.2d 471.

Accompanying Gulf's motion were the affidavits of the claims supervisor and an adjuster who was assigned to investigate Stevens' claim. The supervisor stated that the documents were received by Travelers on February 12, 1970 and instead of being attached to the Stevens-Gulf file, it was attached to another file. He said that "I do not know how this came about." According to this official, if legal process was received and the day for answering was imminent, he would refer the matter to counsel or obtain from the claimant's attorney a stipulation extending the time for answering the suit.

The adjuster's affidavit sheds no light as to what caused the misfiling of the suit papers. Nowhere in either affidavit is there any averment that Travelers had been in contact with either Stevens or his attorney, even though the adjuster said that the file had been in his possession since November 1969 except for such time as he returned it to his supervisor for a review.

We believe that the misfiling of the summons and complaint was negligence on the insurer's part. The issues before us are two: (1) Was the negligence excused and if not (2) is Travelers' negligence imputable to Gulf?

We have ruled that unexplained neglect, standing without more, will not ipso facto excuse noncompliance with the orderly procedures. *Bloom* v. *Trudeau, supra; Fields* v. *S. & M. Foods, Inc.,* 105 R. I. 161, 249 A.2d 892. Whether a default judgment is the result of mistake, inadvertence, surprise, excusable neglect or "other reason justifying relief" is a question of fact to be proved by evidence. *Willette* v. *Umhoeffer,* Me., 245 A.2d 540. Here in the record before us there is complete absence of any asserted fact by the insurer to explain its failure to answer Stevens'

212

complaint. The defendant has failed to show an excuse for Travelers' neglect.

Travelers' negligence is, we believe, imputable to Gulf. While Gulf argues that its insurer is not its agent, we disagree. It is clear that Gulf forwarded the summons and complaint to Travelers in pursuance of its insurance policy which gives the insurer control of the handling and adjustment of claims against the insured. In such circumstances, we shall adopt the principle that the insurer, by retaining control of suits brought against the insured, becomes the agent of the insured. *Douglas* v. *United States Fidelity and Guaranty Co.,* 81 N. H. 371, 127 A. 708; *Hayes* v. *Gessner,* 315 Mass. 366, 52 N. E. 2d 968; *Cowden* v. *Aetna Casualty and Surety Co.,* 389 Pa. 459, 134 A.2d 223; *G. A. Stowers Furniture Co.* v. *American Indemnity Co.,* (Tex.) 15 S.W.2d 544; *Will* v. *Jessen,* 273 Wis. 495, 78 N. W. 2d 905; see 7A Appleman, *Insurance Law and Practice* §4681 at 423-424; 3 Couch on Insurance 2d §25:99 at 414.

Finally, Gulf argues that even if it is not entitled to relief for mistake, inadvertence, surprise or excusable neglect, it should be given redress under Rule 60(b)(6) which authorizes the remand of a default for "any other reason justifying relief." In its motion the defendant alleges that it was based upon Rule 60(b). Rule 60(b) has some six subsections. In *Shannon* v. *Norman Block, Inc.,* 106 R. I. 124, 256 A.2d. 214, we said that it was the duty of counsel to apprise the court hearing the motion of the specific section of the rules upon which he relies. Nowhere in the Superior Court hearing was any mention made of the ground set forth in Rule 60(b)(6). While, ordinarily, we would discuss this contention no further, we would point out to the defendant that in *Greco* v. *Safeco Insurance Co.,* 107 R. I. 195, 266 A.2d 50, we said that relief is available under this section of Rule 60(b), if the movant

presents evidence of unique circumstances which would justify relief. The present case does not fall within that classification.

The defendant's appeal is denied and dismissed, the order appealed from is affirmed and the case is remitted to the Superior Court.

*John J. Vallone, Jr., Louis J. Vallone,* for plaintiff.

*Keenan, Rice, Dolan & Reardon, John T. Keenan,* for defendant.