Frederick T. IDDINGS, Jr., et al.

v.

John F. McBURNEY.

Arthur PELLEY

v.

John F. McBURNEY.

Nos. 93–441–Appeal, 93–442–Appeal.

Supreme Court of Rhode Island.

May 4, 1995.

Jean Crudale, North Attleboro, for plaintiffs.

Robert D. Goldberg, Christine McBurney, Pawtucket, for defendant.

## OPINION

MURRAY, Justice.

Frederick T. Iddings, Jr., Daniel Sheehan and Arthur Pelley (Iddings, Sheehan, Pelley, or collectively plaintiffs), appeal from two Superior Court orders denying their motions to vacate final default judgments entered against them in two related cases, *Iddings v. McBurney,* case No. PC 88–5551 (PC 88–5551) and *Pelley v. McBurney,* case No. PC 88–5618 (PC 88–5618). The plaintiffs contend that the motion justice abused her discretion in denying their motions to vacate. Specifically, the plaintiffs argue that the neglect of their former attorney, Sanford Kirshenbaum (Kirshenbaum), warranted granting their motions. For the reasons set forth below we reverse the Superior Court orders

denying the plaintiffs' motions to vacate the default judgments. The facts underlying this appeal are as follows.

In 1980 Pelley, a resident of Massachusetts, contacted Iddings and Sheehan for the purpose of pursuing litigation in connection with personal injuries he sustained in a gas explosion. Both Iddings and Sheehan are attorneys licensed to practice law in Massachusetts, and they referred Pelley to John F. McBurney (McBurney), an attorney licensed to practice law in Rhode Island. The three attorneys allegedly agreed to share equally any legal fee obtained from Pelley's case. McBurney filed suit in Superior Court in Rhode Island and the case eventually settled in the amount of $420,000, from which Iddings and Sheehan allege McBurney deducted a legal fee of $140,000.

Subsequently, a dispute arose among Iddings, Sheehan and McBurney with respect to the division of the legal fee. Iddings and Sheehan complained that McBurney failed to comply with their alleged fee-spliting agreement. The three attorneys were unable to reach an agreement and, as a result, Iddings and Sheehan hired Kirshenbaum to bring suit against McBurney to recover their share of the legal fee they alleged was owed.

Pelley also hired Kirshenbaum to bring suit against McBurney. Pelley alleged that McBurney improperly deducted his fee from the settlement of his case, and that he twice collected a fee arising from Pelley's separate workers' compensation case.

In November 1988, PC 88–5551 and PC 88–5618 were filed in Superior Court by Kirshenbaum. Our review of the documents contained in the Superior Court files reveals that discovery progressed in both cases, albeit slowly, from the time of filing through January 1992. However, on May 7, 1992, McBurney's motion for default was granted in PC 88–5618, and on June 11, 1992, McBurney's motion for default was granted in PC 88–5551. Failure to comply with court discovery orders was the ground upon which the defaults were granted.[1] Final judgment or-

---

1. McBurney states in his appellate brief that the default in PC 88–5551 was entered as a result of Kirshenbaum's representation to the court in

September 1991 when the case was reached for trial that Iddings was no longer interested in pursuing the claim against him. Therefore,

ders were entered in favor of McBurney on May 18, 1992, in PC 88–5618, and on June 26, 1992 in PC 88–5551.

Subsequently, by order dated September 17, 1992, Kirshenbaum was transferred to inactive status by this court pursuant to Supreme Court Rule 42–17(c) due to his "incapacity to continue to practice law." [2]

Apparently, Kirshenbaum did not notify plaintiffs of the default judgments until November 1992, whereupon they subsequently hired another attorney to pursue vacating the default judgments. Thereafter, motions to vacate were filed in both cases on May 3, 1993, and amended motions were filed on June 9, 1993, pursuant to Rule 60(b)(1) and (6) of the Superior Court Rules of Civil Procedure alleging as grounds excusable neglect or ineffective assistance of counsel by Kirshenbaum.

Numerous documents were submitted to the court in support of the motions to vacate, including a four page sworn affidavit by Kirshenbaum in which he chronologically outlined, inter alia, the severe mental, physical, financial, and professional problems he experienced as a result of a hypothyroid condition he was diagnosed as having in the latter part of 1980. The affidavit indicates that from 1991 until he was placed on inactive status by this court in September 1992, he had over thirty complaints filed against him by clients to the disciplinary board, and that he was temporarily suspended from practicing law by this court in June 1991 as a result of his failure to respond to client complaints. With respect to PC 88–5551 and PC 88–5618, Kirshenbaum concedes that he failed to keep plaintiffs apprised of the development of their cases, failed to notify them of discovery demands and court appearances, and failed to return Iddings's telephone calls. The affidavit also specifically states that as a result of his "inaction" in PC 88–5551 and PC 88–5618 defaults judgments entered. Further,

Kirshenbaum indicates that because of his medical condition, he has qualified for and received social security benefits since September 1992, and he has qualified for and received disability insurance benefits intermittently throughout 1992.

A six page psychiatric evaluation report about Kirshenbaum by Dr. Patricia Ryan Recupero (Recupero) was also filed with the court in support of the motions to vacate. Recupero conducted a psychiatric evaluation of Kirshenbaum in April 1992 for the purpose of determining the effect of his psychiatric condition on his ability to practice law. Her impressions of Kirshenbaum were that he suffered major depression, a personality disorder, hypothyroidism and severe stress. It was her opinion that Kirshenbaum "suffers from an incapacity by reason of mental illness [which] so interferes with his judgment and insight that he is not able to comprehend the need to follow the recommendation as set forth in [her] evaluation." Recupero concluded in her report that she "cannot recommend that Mr. Kirshenbaum be allowed to continue in the unrestricted practice of law." Therefore, she recommended that several conditions be satisfied in order for Kirshenbaum to return to the practice of law. Among those conditions was the requirement that a master or supervisor be appointed to overlook his practice and handling of cases. Further, Recupero recommended that Kirshenbaum continue medical treatment with respect to his psychiatric condition. Finally, for the "protection" of the public, Recupero suggested that Kirshenbaum obtain legal malpractice insurance should he develop further difficulties in the future.

A letter dated January 11, 1993, written by Dr. Richard J. Goldberg (Goldberg) was also filed in support of the motions. Goldberg indicated that he felt that Kirshenbaum could not practice law based on his record of "poor

McBurney asserts, he requested and was granted final judgment on September 14, 1991 in PC 88–5551. However, our careful review of the court file in the case, including the docket sheet, does not corroborate McBurney's representation of the September 1991 events. Instead, the Superior Court order granted on June 11, 1992, clearly indicates that the basis of the default entered in

PC 88–5551 was failure to comply with discovery orders.

**2.** Kirshenbaum was also placed on disability inactive status by the Supreme Judicial Court of Massachusetts by order dated December 16, 1992, and he remains on inactive status in both Rhode Island and Massachusetts.

performance" combined with his "chronic depression."

Iddings also submitted an affidavit to the court in support of the motions to vacate. Iddings, who was then living in Florida, discussed the progress of the cases with Kirshenbaum on behalf of himself, Sheehan and Pelley. He indicated that despite his efforts to assist Kirshenbaum to complete pleadings in both cases he was unaware of the default judgments until November 1992. Further, Iddings expressed his belief that plaintiffs had meritorious claims against McBurney which they desired to present to the court.

A hearing on the motions to vacate was conducted by a Superior Court motion justice over three dates: May 12, 1993, May 27, 1993 and July 1, 1993. In denying the motions to vacate, the motion justice stated that "as tragic as Mr. Kirshenbaum's conduct was, I don't believe that the extent of his disability somehow converts this into excusable neglect." Orders denying the motions to vacate were entered on July 15, 1993, from which plaintiffs appeal.

The plaintiffs complain that the motion justice abused her discretion in denying their motions to vacate the default judgments. They contend that Kirshenbaum's disability, which was supported by medical evidence, rendered him incapable of functioning in both cases. They assert that, under these circumstances, Kirshenbaum's negligence justified granting their motions to vacate pursuant to Rule 60(b). We agree.

■ Motions to vacate a judgment lie within the sound discretion of the trial justice and his or her ruling will not be disturbed on appeal absent a showing of abuse of discretion or error of law. *Forcier v. Forcier*, 558 A.2d 212, 214 (R.I.1989); *Stevens v. Gulf Oil Corp.*, 108 R.I. 209, 210, 274 A.2d 163, 164 (1971). The burden of proof is on the moving party. *Forcier*, 558 A.2d at 214.

■ With respect to plaintiffs' claim for relief under the excusable neglect clause of Rule 60(b)(1), it is well established in this jurisdiction that unexplained neglect, standing alone and without more, whether it be by counsel or a party, will not automatically excuse noncompliance with orderly procedur-

al requirements. *Vitale v. Elliott*, 120 R.I. 328, 331, 387 A.2d 1379, 1381 (1978); *Bloom v. Trudeau*, 107 R.I. 303, 305, 266 A.2d 417, 418 (1970); *Fields v. S. & M. Foods, Inc.*, 105 R.I. 161, 162, 249 A.2d 892, 893 (1969); *King v. Brown*, 103 R.I. 154, 157, 235 A.2d 874, 875 (1967). Moreover, we have stated "that a client should not be relieved of a default judgment resulting from the failure of his [or her] selected counsel to comply with the procedural requirements, *unless it is first factually established that his [or her] neglect was occasioned by some extenuating circumstance of sufficient significance to render it excusable.*" (Emphasis added.) *King*, 103 R.I. at 157, 235 A.2d at 875. "The existence of excusable neglect is a question of fact to be proven by evidence." *Vitale*, 120 R.I. at 331, 387 A.2d at 1381.

■ In the cases before us, there was overwhelming medical evidence presented to the motion justice in support of plaintiffs' motions. This evidence demonstrated that Kirshenbaum was suffering from chronic depression and stress for which he was under medical treatment. His medical condition was of such a serious nature that it eventually caused him to be transferred to inactive status by this court in September 1992. Further, other evidence presented, including Kirshenbaum's own affidavit, supports the conclusion that Kirshenbaum's medical disability existed during the time that he was handling PC 88–5551 and PC 88–5618. It is our belief that the trial justice overlooked this evidence when she ruled that Kirshenbaum's conduct did not amount to excusable neglect. We therefore conclude that the evidence presented to the motion justice by plaintiffs supports the finding that Kirshenbaum's medically documented disability constituted an "extenuating circumstance of sufficient significance to render [his neglect] excusable" under Rule 60(b)(1) and justified relieving plaintiffs of the default judgments. *King*, 103 R.I. at 157, 235 A.2d at 875; *see also Hoye v. Red Top Cab Co. of Rhode Island*, 150 A. 125 (1930)(vacating default judgment held not an abuse of discretion where default was occasioned because of attorney's illness).

Our holding today is supported by strong public policy considerations. In cases such as these, where the attorney has apparently led his or her clients to believe that their cases were being handled diligently, we believe it would be unfair to hold unwitting clients responsible for the excusable neglect of his or her attorney. The explained excusable neglect committed by attorneys should not deprive clients of their day in court.

We do not reach the plaintiffs' alternative contention that relief from the judgments was justified under the "other reason" clause of Rule 60(b)(6), since we sustain their appeal premised upon subsection (b)(1).

For the foregoing reasons, the plaintiffs' appeals are sustained. The motion justice's orders denying the plaintiffs' motions to vacate the default judgments entered in PC 88–5551 and PC 88–5618 are reversed. The cases are remanded to the Superior Court for further proceedings.