Nancy A. McDERMOTT et al.

v.

John Louis TERREAULT.

No. 94–460–Appeal.

Supreme Court of Rhode Island.

June 5, 1995.

Robert M. Brady, East Providence, for plaintiff.

Richard L. Patz, Hines, Patz & Wolpert, Inc., Providence, Charles A. Hambly, Jr., Higgins, Cavanagh & Cooney, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court for oral argument on May 19, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised by the defendant's appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this matter should be summarily decided.

The defendant, John Louis Terreault, appeals from a Superior Court denial of his motion to vacate a final default judgment entered against him. The defendant argues that the Superior Court motion justice abused her discretion in denying his motion to vacate pursuant to Rule 60(b)(1) and (6) of the Superior Court Rules of Civil Procedure.

Motions to vacate a judgment lie within the sound discretion of the trial jus-

tice, and his or her ruling will not be disturbed on appeal absent a showing of abuse of discretion or error of law. *Forcier v. Forcier,* 558 A.2d 212, 214 (R.I.1989); *Stevens v. Gulf Oil Corp.,* 108 R.I. 209, 210, 274 A.2d 163, 164 (1971). The burden of proof is on the moving party. *Forcier,* 558 A.2d at 214.

In the instant case the trial justice denied defendant's motion to vacate on the basis that there was no justification or explanation presented to the court to demonstrate why the motion should be granted. After a review of the record it is the conclusion of this court that the trial justice's ruling was proper because defendant failed to present any evidence which would explain why the summons and the complaint were not properly transmitted in order to justify relief from judgment on the basis of mistake, inadvertence or surprise pursuant to Rule 60(b)(1). *See Bloom v. Trudeau,* 107 R.I. 303, 266 A.2d 417 (1970).

With respect to defendant's contention that relief from the default judgment was justified under the "other reason" clause of Rule 60(b)(6), we are of the opinion that defendant has failed to show "by appropriate evidence of circumstances that would establish a uniqueness that puts the case outside of the normal and usual circumstances accompanying failures to comply with the rules." *Bendix Corp. v. Norberg,* 122 R.I. 155, 158, 404 A.2d 505, 506 (1979) (quoting *Greco v. Safeco Insurance Co. of America,* 107 R.I. 195, 198, 266 A.2d , 50, 52 (1970)).

With respect to the defendant's claim that he had a right to discover the extent of the plaintiffs' damages at the proof-of-claim hearing as a defaulted defendant, we find this argument to be without merit. Rule 55(b)(2) of the Superior Court Rules of Civil Procedure entitles a party against whom judgment is sought three days' written notice of the application for judgment, provided that the party makes an appearance in the action prior to the default judgment. Defense counsel's entry of appearance in the instant case occurred subsequent to the entry of the default judgment. Defense counsel's failure to enter an appearance prior to the entry of the default judgment precludes the defen-

dant from challenging the amount of that judgment.

For these reasons the defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

BOURCIER, J., did not participate.