RHODE ISLAND DEPOSITORS
ECONOMIC PROTECTION
CORPORATION

v.

George CALCAGNI.

No. 95–222 Appeal.

Supreme Court of Rhode Island.

April 16, 1996.

Melissa Darigan, Providence.

George Calcagni, Pro Se.

## ORDER

This case came before the court on April 3, 1996, pursuant to an order directing both parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The defendant, George A. Calcagni (defendant), appeals from a Superior Court order denying his motion to vacate an order entered in favor of plaintiff, Rhode Island Depositors Economic Protection Corporation (DEPCO).

On February 16, 1994, DEPCO filed a complaint against defendant in Superior Court for payment of all sums due under a promissory note executed by defendant and presently owned by DEPCO. On December 6, 1994, the Superior Court granted DEPCO's motion for summary judgment. The defendant thereafter filed a notice of appeal on December 19, 1994. On February 10, 1995, DEPCO moved to dismiss the appeal on the basis that defendant failed to request a transcript in a timely fashion and that he failed to have the record transmitted to this court. After a hearing held on February 16, 1995 at which defendant appeared, the Superior Court granted DEPCO's motion to dismiss. An order was entered on February 17, 1995.

On April 6, 1995, defendant moved to vacate the February 17, 1995 order claiming that he had never received a copy of the dismissal order. The Superior Court denied defendant's motion to vacate on April 14, 1995.[1] The defendant now appeals from the April 14, 1995 order. In response, DEPCO requests that defendant's appeal be dismissed, that attorney's fees and costs incurred from and after the grant of summary judgment on December 6, 1994 be granted, and that defendant be prohibited from filing any further motions without prior court permission.

Motions to vacate a judgment lie within the sound discretion of the trial justice and his or her ruling will not be disturbed on appeal absent a showing of an abuse of discretion or an error of law. *Iddings v.*

---

1. While the docket sheet contained in the Superior Court file provides that the order denying defendant's motion to vacate was entered on April 12, 1995, the actual order signed by the trial justice indicates an entry date of April 14, 1995.

*McBurney,* 657 A.2d 550, 553 (1995); *Forcier v. Forcier,* 558 A.2d 212, 214 (R.I.1989); *Stevens v. Gulf Oil Corp.,* 108 R.I. 209, 210, 274 A.2d 163, 164 (1971). The burden of proof is on the moving party. *Forcier,* 558 A.2d at 214.

There is no evidence in the record before us to indicate that the trial justice abused her discretion in denying defendant's motion to vacate. Contrary to defendant's assertions, the trial justice did not base her decision on the assumption that DEPCO's counsel had in fact mailed the February 17, 1995 dismissal order. Rather, the trial justice noted that defendant was present at the hearing which resulted in the issuance of the February 17, 1995 dismissal order. She correctly indicated that "if an appeal was intended, I do not know why it wasn't filed within twenty days, because I think [defendant] had every reason to know that the [o]rder had entered, and certainly had an obligation to check the court file before the expiration of twenty days, if [defendant] say[s] [he] had not received the order." From the trial justice's discourse, we conclude that defendant has failed to show that the trial justice abused her discretion in this instance.

With respect to any claims of additional relief asserted by DEPCO, we find no evidence in the record which persuades us to grant such relief in the instant appeal.

Consequently, after hearing the arguments and reviewing the memoranda of counsel, it is the conclusion of this court that the parties have failed to show cause why the issues raised by this appeal should not be summarily decided. The defendant's appeal is therefore denied and dismissed, and the order appealed from is affirmed.