**FLEET NATIONAL BANK**

v.

**Paul LATAILLE and Shawmut Bank, as Trustee.**

**No. 95–246–Appeal.**

Supreme Court of Rhode Island.

June 27, 1996.

Douglas Giron, Cranston.

Paul Lataille, pro se.

## ORDER

This matter came before a hearing panel of this court for oral argument on June 18, 1996 pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties we are of the opinion that cause has not been shown and that this matter should be summarily decided.

The defendant, Paul Lataille (Lataille), appeals from the denial of his motion to vacate the entry of default judgment in favor of the plaintiff, Fleet National Bank (Fleet).[1]

On January 10, 1995, Lataille's former wife obtained in the Superior Court a temporary restraining order and a writ of attachment restraining and enjoining him from disposing, transferring or alienating his property, including a $50,000 certificate of deposit at Fleet. On that same date, a writ of attachment was served on Fleet; Lataille was personally served with the temporary restraining order and writ of attachment. On January 11, 1995 Fleet notified Lataille in writing that his access to the certificate of deposit was restricted. However, on January 12, 1995, Lataille obtained a cashier's check from Fleet in the amount of $48,389.16, which amount represented the value of the certificate of deposit less an early withdrawal penalty. Lataille then deposited these funds in an out-of-state branch of defendant Shawmut Bank (Shawmut).

Fleet brought this action against Lataille on February 9, 1995 alleging, inter alia, that Lataille's withdrawal of funds from Fleet was in violation of the January 10, 1995 Superior Court order. Fleet requested a temporary restraining order and a preliminary injunction restraining both Lataille and Shawmut from liquidating the funds. A temporary restraining order was issued on February 20,

---

1. This case is related to the case of *Lataille v. Lataille,* No. 95–158, 678 A.2d 1250 (R.I. filed June 27, 1996).

1995, and on February 23, 1995 a motion justice issued the preliminary injunction against Shawmut and entered an order which permitted service of process by alternate means upon Lataille. On February 23 and 24, 1995 Lataille was served the summons, complaint, restraining orders and motion for issuance of writ of garnishment or trustee process by mail at the address on his account cards at Fleet and by posting at his last known address.

Subsequently on March 2, 1995, the motion justice entered an order authorizing a writ of garnishment in the sum of $50,000 in funds on deposit at Shawmut in the name of Lataille. On March 20, 1995 Fleet filed a motion for entry of default against Lataille pursuant to Rule 55(a) of the Superior Court Rules of Civil Procedure. On March 22, 1995 default was entered against Lataille in favor of Fleet, and on March 31, 1995, Fleet filed a motion for entry of judgment by default. Lataille, on his own behalf and without the assistance of counsel, later filed a motion to vacate several Superior Court orders entered against him; however, he did not file a motion to set aside the entry of default. A scheduled April 11, 1995 hearing was continued to enable Lataille to consult with legal counsel and to file the appropriate motions.

On April 14, 1995 Lataille filed a motion to vacate judgment by default, which was heard by a Superior Court motion justice on April 18, 1995 along with Fleet's motion for entry of judgment by default. On April 19, 1995 Lataille's motion to vacate the entry of default was denied; Fleet's motion for entry of judgment by default was granted against Lataille in the amount of $48,389.16.

On appeal Lataille raises numerous issues which do not relate to the instant case. Instead, Lataille states grievances and accusations all of which pertain to the case of *Lataille v. Lataille, supra*. Consequently, the sole issue we shall address in the instant appeal is whether the motion justice properly granted Fleet's motion for entry of default.

Although Lataille has not ordered a copy of the Superior Court transcript for our review, upon our examination of the record as it exists before us, we are of the opinion that Lataille has not demonstrated that his failure to plead or otherwise defend amounts to excusable neglect pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure. As we reiterated last term in *Iddings v. McBurney*, 657 A.2d 550 (R.I.1995), "[m]otions to vacate a judgment lie within the sound discretion of the trial justice and his or her ruling will not be disturbed on appeal absent a showing of abuse of discretion or error of law." 657 A.2d at 553. "The burden of proof is on the moving party." *Id.*

In the instant case Lataille was served on February 23 and 24, 1995. Although defendant contended that he was out of the state during this period of time, he returned to Rhode Island on March 7, 1995 and, therefore, had adequate time to file an answer. Lataille has offered no acceptable explanation as to his reason for failing to do so. His conduct, therefore, does not rise to the level of excusable neglect which is required to vacate the entry of default.

For these reasons Lataille's appeal is denied and dismissed. The Superior Court judgment is affirmed, and the papers of the case are remanded to the Superior Court.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.