On appeal Lataille raises numerous issues which do not relate to the instant case. Instead, Lataille states grievances and accusations all of which pertain to the case of *Lataille v. Lataille, supra.* Consequently, the sole issue we shall address in the instant appeal is whether the motion justice properly granted Fleet's motion for entry of default.

**Solange M. LATAILLE**

v.

**Paul W. LATAILLE.**

**No. 95–158–Appeal.**

Supreme Court of Rhode Island.

June 27, 1996.

Anthony F. Cottone, Providence.

Paul Lataille, pro se.

## ORDER

This case came before a hearing panel of this court on June 18, 1996 pursuant to an order directing both parties to show cause why the issues raised in this case should not be summarily decided. The defendant, Paul W. Lataille (defendant), seeks review of a Superior Court's order denying his motion to vacate a default judgment. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

The factual and procedural background of this case is as follows. On November 1, 1983, the Family Court entered a final judgment granting plaintiff's, Solange M. Lataille (plaintiff), request for an absolute divorce on the basis of irreconcilable differences which had caused the irremediable breakdown of the marriage. The defendant was ordered, inter alia, to pay alimony in the amount of $75 per week. The first payment was to be made on December 15, 1982. The defendant however was twice held in contempt and incarcerated for failing to make any alimony payments.

On January 10, 1995, plaintiff filed a complaint in Superior Court to recover the accrued and unpaid alimony pursuant to G.L. 1956 § 15-5-16. She requested a temporary restraining order prohibiting defendant from disposing of his property. She also requested a writ of attachment regarding defendant's $50,000 certificate of deposit at Fleet Bank. On that date, the trial justice granted plaintiff's requests for a temporary restraining order and a writ of attachment. The defendant was thereafter served with the temporary restraining order and the writ of attachment, along with a summons and a copy of plaintiff's complaint. The defendant was also notified that a hearing would be held on January 20, 1995 regarding plaintiff's motion for a preliminary injunction and a confirmation of attachment.

The defendant never filed an answer in response to plaintiff's complaint. Instead, the trial justice received a letter dated January 12, 1995 in which defendant wrote that he would be on vacation and that he "was unable to prepare an answer to the charges or even find a competent attorney at a reasonable price." The defendant also wrote that when he returned from vacation, he would contact the plaintiff's attorney "to schedule an agreeable hearing date."

On January 20, 1995, the trial justice entered an order continuing the hearing on plaintiff's requests to February 3, 1995. The trial justice noted that defendant had failed to answer the complaint but that he did file a general appearance requesting a continuance of the hearing on plaintiff's motion for a preliminary injunction and confirmation of attachment.

On February 3, 1995, plaintiff filed a motion for entry of default judgment in the amount of $87,241 against defendant for defendant's failure to answer the complaint. The plaintiff certified that a copy of the motion for entry of default judgment indicating that a hearing would be held on March 7, 1995 was mailed to defendant. On March 7, 1995, the trial justice entered a default judgment against defendant in the amount of $87,241.

On March 9, 1995, defendant filed a motion to vacate the default judgment. He claimed that he was not present in Rhode Island from January 12 to March 7, 1995 and "could not conceivable [sic] defend himself against such *rushed* charges while he was away." He also claimed that he did not receive the motion for entry of default judgment until March 7, 1995 when he picked up his mail at the post office.

A hearing on the defendant's motion to vacate was held before the trial justice on March 16, 1995. On March 17, 1995, the trial justice entered an order denying the defendant's motion to vacate. On that same day, defendant filed a notice of appeal.

"Motions to vacate a judgment lie within the sound discretion of the trial justice and his or her ruling will not be disturbed on appeal absent a showing of abuse of discretion or error of law." *Iddings v. McBurney,* 657 A.2d 550, 553 (R.I.1995). "The burden of proof is on the moving party." *Id.* In the present case, we note that defendant has failed to submit a copy of a transcript of the hearing on the motion to vacate. In the absence of a transcript regarding the trial

justice's decision in the instant matter, we cannot conclude that the trial justice's denial of the defendant's motion to vacate was an abuse of discretion or an error of law.

Nevertheless, defendant has failed to show that his conduct leading to his failure to file an answer amounts to excusable neglect pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure. Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." We have stated that "unexplained neglect, standing alone and without more, whether it be by counsel or a party, will not automatically excuse noncompliance with orderly procedural requirements." *Iddings,* 657 A.2d at 553. We are mindful that defendant in the instant case is a pro se litigant. However, "[e]ven if a litigant is acting pro se, he or she is expected to familiarize himself or herself with the law as well as the rules of procedure." *Faerber v. Cavanagh,* 568 A.2d 326, 330 (R.I.1990).

Here, defendant's only explanation for his failure to file a timely answer pursuant to Rule 12(a) of the Superior Court Rules of Civil Procedure was that he was not present in Rhode Island from January 12 to March 7, 1995. We are of the opinion that such conduct, without more, does not amount to excusable neglect. It is undisputed that defendant was served with a summons and complaint. The summons clearly states that an answer must be served within 20 days after service of the summons and complaint and that failure to do so will result in a default judgment. The record indicates that defendant knew of the pendency of the instant action and even informed the trial court that he would be on vacation and could not file an answer to the complaint. The defendant was therefore aware of his obligation to file an answer but failed to do so. Under these circumstances, we cannot conclude that the trial justice abused his discretion in denying defendant's motion to vacate.

The defendant's appeal is therefore denied and dismissed. The trial justice's order denying defendant's motion to vacate is af-firmed. The papers of this case are remanded to the Superior Court.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.