Frederick T. IDDINGS, Jr. and
Daniel J. Sheehan

v.

John F. McBURNEY.

No. 96–582–Appeal.

Supreme Court of Rhode Island.

March 13, 1998.

Jean N. Crudale.

Richard H. James, Pawtucket.

## ORDER

This case came before the Supreme Court on March 2, 1998, pursuant to an order that directed the parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiffs, Frederick T. Iddings, Jr. and Daniel J. Sheehan, have appealed from a summary judgment entered in the Superior Court in favor of the defendant, John F. McBurney (McBurney)[1].

After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

In 1980, Arthur Pelley (Pelley) employed plaintiffs, who are Massachusetts attorneys, to represent him in an action brought after he sustained injuries in a gas explosion while working in Rhode Island. The plaintiffs were unable to settle the matter and, in 1981, referred Pelley to McBurney, a Rhode Island attorney. The plaintiffs and McBurney entered into a verbal agreement later memorialized in writing "to divide the one-third attorney's fee [equally] between [them]." Although there was no written agreement with Pelley reflecting this arrangement, Pelley submitted an affidavit in which he averred that he was aware of and had no objection to the fee splitting arrangement among parties.

McBurney commenced suit in Rhode Island on Pelley's behalf and ultimately settled the matter for $420,000. McBurney deducted one-third ($140,000) in legal fees from the settlement figure and offered plaintiffs one-half ($70,000) in payment of their share. The plaintiffs refused McBurney's offer and brought suit against him in Rhode Island, seeking two-thirds of the total fee, or $93,333.32, and included counts for breach of contract, intentional misrepresentation of fact, negligent misrepresentation of fact, breach of fiduciary duty, fraud, and unjust enrichment.

At trial, the hearing justice determined that the fee splitting arrangement among the parties was illegal. As a result, he refused to enforce the contract and granted a summary judgment on all counts in favor of McBurney. The plaintiffs appealed.

The standard applied by this Court in reviewing the entry of a summary judgment is identical to that used by the trial justice. *Textron, Inc. v. Liberty Mut. Ins. Co.,* 639 A.2d 1358, 1362 (R.I.1994). "[T]he trial justice must review the pleadings, affidavits, and other appropriate evidence in the light most favorable to the party opposing the motion." *Id.* If no genuine issue of material fact exists, and the moving party is entitled to a judgment as a matter of law, the motion must be granted. *Id.* At the time of the alleged fee agreement, Rhode Island attorneys were subject to the provisions of the Code of Professional Responsibility,[2] the applicable provision of which was DR 2–107. Under that provision, fee splitting was permissible when:

"(1) The client consents to employment of the other lawyer after a full disclosure that division of fees will be made.

"(2) The division is made in proportion to the services performed and responsibility assumed by each.

"(3) The total fee of the lawyers does not clearly exceed reasonable compensation for all legal services they rendered the client."

---

1. This case has resulted from our vacating a default judgment against plaintiffs and our remand of the case for trial. *See Iddings v. McBurney,* 657 A.2d 550 (R.I.1995).

2. The Rules of Professional Responsibility were adopted by this Court in November of 1988 and are applicable to any alleged transgression occurring on or after November 15, 1988.

Neither the parties to this action nor the trial justice at the hearing focused on the fact that fee splitting was permissible under certain conditions. As among Iddings, Sheehan, and McBurney, the first and third requirements of the above rule were met and are not here in dispute. The three lawyers may split the fee in this case provided they do so in conformance with the second requirement. Unfortunately, no findings were made to ascertain the proportion of work performed and the responsibilities assumed by Sheehan, Iddings ad McBurney. In the absence of such findings, it is clear that material issues of fact remain to be resolved. We therefore conclude that the trial justice erred in granting summary judgment in favor of McBurney.

Consequently, we sustain the plaintiffs' appeal, vacate the judgment of the Superior Court, and remand the case for trial.

BOURCIER and GOLDBERG, JJ., did not participate.