SMITH PRECIOUS METALS, CO.

v.

Joseph MARSELLA d/b/a Ocean State Enterprises and/or American Bracelet.

No. 97–459–A.

Supreme Court of Rhode Island.

Nov. 23, 1998.

David M. Campbell, Providence.

Joseph Anthony DiMaio, Providence.

## ORDER

This matter is here on the defendant Joseph Marsella's appeal from a Superior Court order denying his motion to vacate the default and default judgment that entered in favor of the plaintiff. The defendant also appeals the denial of his motion for an extension of time within which to file an answer and the denial of his motion for a stay of execution. We ordered the parties to show cause why we should not decide the issues raised by this appeal summarily. None having been shown, we proceed to resolve the appeal without further briefing and argument.

The plaintiff filed and served the complaint in this case on November 21, 1995. On December 19, 1995, after defendant failed to respond within the requisite twenty-day period, plaintiff Smith Precious Metals, Co. filed an affidavit and an application for entry of default pursuant to Rule 55(a) of the Superior Court Rules of Civil Procedure. The defendant filed an answer and an objection to plaintiff's motion for entry of default on December 27, 1995. After plaintiff filed and served defendant with a motion that requested the court to rule on the propriety of defendant's untimely answer and after defendant failed to attend the hearing thereon, a motion justice struck defendant's pleading and overruled his objections. Without notice to defendant, plaintiff then applied for and obtained the entry of a default judgment. Thereafter, a motion justice denied defendant's motions to vacate the default judgment, to stay the execution, and to file an answer out of time. With respect to this last motion, the motion justice reasoned that defendant not only failed to plead or to otherwise defend in a timely manner, but he also did not file a motion to file an answer out of time in compliance with Rule 6(b)(2) of the Superior Court Rules of Civil Procedure, and therefore his late-filed answer was improper. We agree, and therefore deny defendant's appeal from the order denying his motion for leave to file an answer out of time. The Superior Court correctly determined the liability issue by the proper entry of a default. Thus, the only issue remaining was the amount of damages.

In that regard, defendant contends that notwithstanding the motion justice's striking of his answer and of his objection to the motion for an entry of a default, he still made an "appearance" within the meaning of Rule 55(b)(2) of the Superior Court Rules of Criminal Procedure by filing these documents with the court before it entered any default judgment for damages. We agree. *See United States ex rel. Time Equipment Rental Sales, Inc. v. Harre*, 983 F.2d 128 (8th Cir.1993) (holding that a late, stricken answer still constituted an "appearance"); *cf. Medeiros v. Hilton Homes, Inc.*, 122 R.I. 406, 408 A.2d 598 (1979) (holding that the defendant "appeared" by filing a post-default motion to set aside the default and therefore was entitled to notice of the motion to enter a default judgment).

We have stated that "[m]otions to vacate a judgment lie within the sound discretion of the trial justice, and his or her ruling will not be disturbed on appeal absent a showing of abuse of discretion or error of law." *McDermott v. Terreault*, 659 A.2d 119, 119–20 (R.I. 1995). The moving party carries the burden of proof. *See id.* at 120. Here, however, we hold that, because of the defendant's "appearance," the court committed an error of law by entering a default judgment against the defendant in respect to damages without first requiring the plaintiff to serve him with notice of a hearing thereon.

Accordingly, the plaintiff should have notified the defendant when he moved for entry of a default judgment by serving him with a written notice of the application at least ten days prior to the hearing. *See* R.I.Super.Ct.R.Crim.P. 55(b)(2). Because the defendant did not receive notice of the motion to enter the default judgment for damages, we sustain this portion of the defendant's appeal, vacate the default judgment and the order denying defendant's request for a stay of execution, and remand the matter for further proceedings (after notice to the defendant) so that the court can determine the amount of a damages award and then enter whatever amended judgment may be appropriate.