METALTEC CORPORATION

v.

GARLAND INDUSTRIES, INC.

No. 98–163–A.

Supreme Court of Rhode Island.

Oct. 22, 1999.

Robert S. Bruzzi, Providence.

Eugene F. Toro.

### ORDER

The plaintiff, Metaltec Corporation, appeals from a Superior Court order denying its motion to reconsider, modify and vacate orders for a surety bond and adjudging the plaintiff in willful contempt of court for failing to post a surety bond. After a conference before a single justice of this Court, this case was assigned to the full Court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. After reviewing the memoranda submitted by the parties, we decide this appeal without further briefing or argument.

On May 11, 1990, Metaltec, a New Jersey corporation, filed a complaint seeking $72,808.64 with interest on a book account and for goods sold and delivered to defendant, Garland Industries, Inc., a Rhode Island corporation. The defendant filed an answer and counterclaim, asserting that the goods, component parts used in the manufacture of pens, were defective. The defendant sought damages for the expenses it incurred in using the defective components. The matter was tried before a justice and jury of the Superior Court. At the conclusion of the trial, the jury returned a verdict for the defendant on its counterclaim in the amount of $128,815.42 plus interest. The judgment was subsequently amended to $76,523.42 by remittitur.

Following the jury verdict, the defendant filed a motion for surety seeking to guarantee the payment of the judgment after the plaintiff asserted that it had been consolidated with another corporate entity and therefore, was a nonexistent corporation. The defendant's motion for surety was granted and the plaintiff was ordered to file a surety bond on May 26, 1995. The plaintiff appealed this order. However, by agreement of all the parties, the appeal was subsequently dismissed. Thereafter, the defendant filed a motion to adjudge the plaintiff in contempt for failure to file a surety bond in accordance with the court's order. On September 24, 1996, the defendant's motion was granted.

The plaintiff the filed a motion to reconsider, modify and vacate the orders of May 26, 1995 and September 24, 1996. The motion was subsequently denied and this appeal ensued.

On appeal, the plaintiff challenges the order finding it in contempt for failing to post a surety bond. Because the plaintiff corporation was not a viable entity at the time of the order, the plaintiff contends that it did not have the power to post a bond and could not subsequently be held in contempt for failure to comply with a court order. In addition, the plaintiff maintains that the bond was a supersedeas bond because the plaintiff was appealing the matter and once the appeal was dismissed, there was no need for the posting of a bond. We find no merit in these contentions.

We have stated that a motion to vacate or modify a court order made pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure lies "within the sound discretion of the trial justice and his or her ruling will not be disturbed on appeal absent a showing of abuse of discretion or error of law." *Zannini v. Downing Corp.*, 701 A.2d 1016, 1017 (R.I.1997) (quoting *Iddings v. McBurney*, 657 A.2d 550, 553 (R.I.1995)). The party seeking to set aside a judgment has the burden of proof, and the motion should also be made within a reasonable time. *Id.*

Here, plaintiff dismissed its appeal from the order for surety, and never appealed the order finding it in contempt. We conclude that the filing of the motion to reconsider, modify, and vacate did not extend the time for plaintiff to appeal from the order for surety and therefore the trial justice was clearly within his discretion to deny plaintiff's motion. Furthermore, even if plaintiff's motion relative to the contempt order was timely, plaintiff is nevertheless prohibited from seeking a review of the propriety of the underlying contempt order. Finally, we note that plaintiff failed to present any evidence as grounds for modifying or vacating the court's prior contempt order.

We have carefully considered the record in this case and have concluded that the trial justice properly denied the plaintiff's motion to reconsider, modify or vacate the Court's prior orders. Therefore, we affirm the judgment and deny and dismiss the appeal. The papers may be remanded to the Superior Court.