## Peggyann LIMOGES

v.

## EATS RESTAURANT et al.

No. 92–624–Appeal.

Supreme Court of Rhode Island.

Oct. 15, 1993.

David C. Moretti, Cranston.

Harry Asquith, Providence, Thomas J. Dinopoulos, Brockton, MA.

### ORDER

This matter was before the Supreme Court pursuant to an order directing both parties to appear to show cause why the issues raised in their appeal should not be summarily decided. In this case the plaintiff has appealed from the denial of her motion in Superior Court for leave to file a rejection of an arbitrator's award out of time.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the opinion of the court that cause has not been shown.

The record discloses that the order denying plaintiff's motion was entered October 1, 1992. Plaintiff then filed a motion for entry of final judgment on November 2, 1992. It was heard on November 9, 1992 and final judgment was entered on November 17, 1992. Plaintiff filed her notice of appeal three days later.

Rule 4 of the Supreme Court Rules of Appellate Practice requires a filing of a Notice of Appeal within twenty days from the date of the entry of judgment, order or decree. The October 1, 1992 order denying her motion for leave to file a rejection out of time is the order from which she seeks relief in this court. Her claim of appeal, therefore, had to be filed within twenty days of that order.

Moving for entry of a final decree in Superior Court under Rule 54(b) of the Superior Court Rules of Civil Procedure was a nullity because that rule had no application to this case which did not involve the multiple claims or parties contemplated by that rule.

Had the appeal been timely filed the plaintiff would still not prevail. Plaintiff concedes that her rejection of the arbitrator's award was late under Rule 5(a) of the Superior Court Arbitration Rules. She argues that the trial justice should have applied the Superior Court Rules of Civil Procedure. Rule 6(b) of those rules allows for an enlargement of time if the court finds that cause has been shown.

However, as defendant points out, the provisions of G.L.1956 (1985 Reenactment) chapter 6 of title 8 require that the rules developed for the purpose of arbitration of civil actions should be the only guide in this situation. Section 8–6–6 provides in part: "[a]ll Rules and Regulations promulgated pursuant to [the arbitration of civil actions] *shall* be effective upon filing * * *" (Emphasis added).

We have held that in cases of statutory construction, the word "shall" usually con-

notes the imperative. *Conrad v. State,* 592 A.2d 858 (R.I.1991).

For all of these reasons, the plaintiff's appeal is denied and dismissed, the order of October 1, 1992 is affirmed and the papers of the case are remanded to the Superior Court.

FAY, C.J., did not participate.