DECISION
This matter is before this Superior Court on motion by the defendant, Dream House Mortgage Co. ("Dream House"), for an order confirming that the rejection of the arbitrator's award was properly and timely filed with the arbitration office or alternatively, for a writ of mandamus requiring the Administrator of the Arbitration Division to accept and file the rejection of the award.
FACTS/TRAVEL
The facts in this case are essentially undisputed. The arbitrator filed the arbitrator's award of the disputed matter on July 19, 1995 with the arbitration office. Dream House, thereafter, filed a rejection of the arbitrator's award on August 1, 1995, twenty-one days after the award was filed. The arbitration office refused to accept Dream House's rejection of the award on the basis that the time to reject the award had elapsed.
Motion for Confirmation
Relying on The Astors' Beechwood v. Peoples Coal Co., Inc.,659 A.2d 1109 (R.I. 1995), Dream House argues that the Rhode Island Rules of Civil Procedure and the interpretations of those rules apply to court-annexed arbitration proceedings. Id. at 1114. Dream House contends that since the rules of civil procedure apply in arbitration proceedings, they had a right to one additional day under R.C.P. 6(d) to reject the arbitrator's award. Therefore, Dream House asserts that they timely filed the rejection form on the twenty-first day.
The Supreme Court has held that the arbitration rules supplement, rather than supersede, the Rules of Civil Procedure.Id. With respect to arbitration proceedings, the Rules of Civil Procedure are to be interpreted in the same manner as in other civil cases. Id. The Rules of Arbitration specifically provide that a party dissatisfied with an arbitrator's award is entitled to a trial "upon filing a written objection of the award on an approved form within 20 days after the arbitrator's award hasbeen filed. . . ." Super. R. Arb. 5(a) (emphasis added). Furthermore, under R.C.P. 6(b), a trial justice also possesses discretionary power to enlarge time when the moving party has demonstrated the existence of certain conditions. 659 A.2d at 1114.
In this case, Dream House contends that R.C.P. 6(d) would provide one additional day to the twenty day rejection period under the arbitration rules because they received notice of the award by mail. This Court's reading of the plain meaning of Rule 5(a) of the arbitration rules does not support such a contention. Said rule provides for a twenty day rejection period commencing on the date the arbitrator files the award in the arbitration office. The rule does not provide for service of the arbitrator's award upon the parties. Hence, Rule 6(d) of the Superior Court Rules of Civil Procedure cannot be used by a dissatisfied party, whether with or without notice of the arbitrator's award, to enlarge the twenty day rejection time period. See generally, 2 Moore's Federal Practice § 6.12. Accordingly, in the instant matter, the twenty day time period for rejection of the arbitrator's award has elapsed since Dream House filed the rejection on the twenty-first day.
Mandamus
In the alternative, Dream House seeks a writ of mandamus requiring the arbitration division to accept the rejection of the award.
It is a well-recognized principle of this Court that a writ of mandamus shall issue only where the petitioners have a clear legal right to have the requested act done and when the respondents have a ministerial, legal duty to perform such act without discretion to refuse. See Buckley v. Affleck,493 A.2d 828, 829 (R.I. 1985). As Dream House has failed to show that they have a clear legal right to have the arbitration office accept the untimely rejection, their prayer for mandamus must be denied.
Conclusion
For the aforementioned reasons, this Court finds that the twenty day time period for rejection of the arbitrator's award has elapsed. Accordingly, the motion for confirmation of the award rejection or in the alternative, the request for a writ of mandamus is denied.