Joseph L. **COUTU**, by his next friend, natural guardian and parent, Pamela **COUTU**, and Pamela Coutu, individually

v.

Jane **PORTER** and Ronnie Tipple.

No. 99–212–A.

Supreme Court of Rhode Island.

Dec. 21, 1999.

Eva Marie Mancuso, Sean Feeney, George J. Sukatos, Providence.

Susan Carl Donnelly, Providence, Michael J. Reed, Jr., Bellingham, MA.

## ORDER

The defendants, Jane Porter and Ronnie Tipple, appeal from the entry of judgment in favor of the plaintiffs after the defendants failed to reject a court-annexed arbitration award within the appropriate time limits. Following a conference with a single justice of this Court, this case was referred to the full Court at a session in conference for disposition without oral argument. Having reviewed the parties' memoranda and other materials in the record, we proceed to decide this case in accordance with Rule 12A(6)(b) of the Supreme Court Rules of Appellate Procedure at this time.

The plaintiffs filed a complaint against the defendants in which they sought damages for injuries sustained in an automobile accident. The case was assigned to arbitration, and on November 18, 1998, the arbitration hearing was completed. On

December 1, 1998, the arbitrator rendered an award in favor of the plaintiffs for $38,500. On December 29, 1998, the defendants filed a motion to extend the time in which to reject the arbitrator's decision. The plaintiffs, in turn, filed a motion to confirm the award. A hearing justice denied the defendants' motion to extend, and granted the plaintiffs' motion to confirm.

On appeal the defendants argue that the hearing justice abused her discretion in denying their motion. They assert that their attorney did not receive a copy of the arbitrator's award, and therefore did not have notice that the time for filing a rejection of the award had begun to run. They also point out that the arbitration was held during the holiday season, and so it was reasonable to assume that the arbitration decision had been delayed.

According to Rule 4 of the Superior Court Rules Governing Arbitration, the arbitrator must file his or her award within ten (10) days after the hearing is concluded or the receipt of post-hearing briefs, whichever is later. The arbitrator must forward copies of the award to counsel of record or to parties not represented by counsel. Rule 5(a) provides that a dissatisfied party may file a written rejection of the award within twenty (20) days after the award has been filed.

In *Astors' Beechwood v. People Coal Co.*, 659 A.2d 1109 (R.I.1995), the plaintiffs' attorney failed to file a timely rejection of an arbitration award because he was "extremely busy" at work. We determined that this did not constitute excusable neglect under Super.R.Civ.P. 60(b) because "[his] failure to file a timely notice of rejection was fully within his control, and his failure to do so derived from his own conduct." *Id.*, 659 A.2d at 1115. We have defined excusable neglect as "generally that course of conduct which a reasonably prudent person would take under similar circumstances." *Pari v. Pari*, 558 A.2d 632, 635 (R.I.1989). As in *Astors' Beechwood*, the defendants' attorney's failure in the present case to file a timely notice was

fully within his control. He had a responsibility to know the rules and procedures governing arbitration. The record shows that he took no action until forty days after the arbitration hearing had ended, and this action was only in response to a court notice stating that the time for rejecting the award had expired. A reasonably prudent attorney would perhaps have contacted the arbitrator or the court when he had not received the award. At the very least, a reasonably prudent attorney in these circumstances would not have waited in silence until the time for rejecting an award had expired.

For these reasons, this appeal is denied and dismissed, and the judgment appealed from is affirmed. The papers may be remanded to the Superior Court.