Leslie RIVERA

v.

Joseph E. ROSE et al.

No. 2009–220–Appeal.

Supreme Court of Rhode Island.

March 7, 2011.

---

Merrill J. Friedemann, Esq., for Plaintiff Leslie Rivera.

Jeffrey D. Pethick, Esq., for Defendant Joseph E. Rose.

Lauren D. Wilkins, Esq., Providence, for Defendants Manelik Vallejo & Sun Cab, Inc.

Present: SUTTELL, C.J.,
GOLDBERG, FLAHERTY, ROBINSON,
and INDEGLIA, JJ.

## OPINION

Chief Justice SUTTELL, for the Court.

The plaintiff, Leslie Rivera, appeals from a Superior Court order denying her motions to (1) vacate a judgment on an arbitration award and (2) allow her to file a rejection of the arbitration award out of time. The plaintiff asserts that the trial justice abused her discretion in ruling that the plaintiff's failure to file a rejection of the arbitration award within the appropriate time limit was not excusable neglect. The plaintiff argues that excusable neglect obtained because, as a result of circumstances beyond her control, she did not receive (1) notice of her attorney's withdrawal from the case; (2) notice of the arbitration hearing date; or (3) a copy of the arbitration award. For the reasons set forth in this opinion, we vacate and reverse the order of the Superior Court.

## I

## Facts and Procedural History

On February 3, 2005, Ms. Rivera was struck by two motor vehicles as she attempted to cross Route 10 in Cranston. As a result, she suffered very serious injuries, including the loss of her right leg. On January 9, 2006, she filed a complaint alleging that the two vehicles had been operated negligently by defendants Joseph E. Rose and Manelik Vallejo,[1] and that she had been "a pedestrian in the exercise of due care." The defendants answered the complaint and, on June 12, 2006, all of the parties agreed to proceed with court-annexed arbitration. According to defendants, on March 7, 2007, the arbitration hearing commenced and was continued to December 3, 2007, to allow plaintiff additional time to produce further evidence.[2] On December 3, 2007, the hearing was continued to January 31, 2008, and in January, the hearing was further continued to June 26, 2008.

On October 30, 2007, in the midst of these arbitration proceedings, plaintiff's counsel filed a motion to withdraw from the case, which the trial justice granted in April 2008.[3] The order granting the motion to withdraw stated that plaintiff was "deemed to represent herself pro se until such successive counsel shall enter their appearance on [her] behalf." The order also provided that "[a]ll further Pleadings, Motions, and subsequent notices shall be sent directly to the Plaintiff at her last known address at 712 Pine Street, Central Falls, RI 02903 through certified mail and regular mail." The certification on the order itself, however, did not indicate that a copy was mailed to plaintiff by certified mail. Counsel for defendants Vallejo and Sun Cab, Inc., in an undated mailing, forwarded a copy of the order granting the motion to withdraw to the arbitrator in this case.[4] In the mailing, counsel requested that the arbitrator advise plaintiff "of the date and time of the arbitration hearing," but counsel did not indicate that such notice was to be sent by both certified and regular mail.

The plaintiff failed to attend the June 26, 2008 arbitration hearing, and the arbi-

1. Mr. Vallejo was operating a vehicle owned by Sun Cab, Inc., which plaintiff also named as a defendant in her complaint.

2. The plaintiff does not dispute the dates of any of the arbitration hearings.

3. The hearing on the motion was held on April 2, 2008; however, the order granting the motion was not entered until the deputy clerk signed the order on April 29, 2008.

4. Although this letter is not part of the record, plaintiff included it in the appendix to her appellate brief, and defendants do not dispute its authenticity.

trator issued an award in favor of defendants. The next day, the award was filed with the Superior Court. The plaintiff did not file a rejection of the arbitration award within the requisite twenty-day time period prescribed by Rule 5 of the Superior Court Rules Governing Arbitration of Civil Actions, and thus a judgment on the award was entered by the Superior Court on August 22, 2008.

On October 6, 2008, new counsel entered his appearance on behalf of plaintiff. On the same day, plaintiff filed a motion to vacate the judgment on the arbitration award and a motion to allow plaintiff to file a rejection of the arbitration award out of time, contending in both motions that she received neither the notice of the June 26, 2008 arbitration hearing nor a copy of the arbitration award. The plaintiff also filed an affidavit, in which she asserted that she resided at 712 Pine Street, Central Falls, at the commencement of this action and that she moved to 61 Pacific Street, Central Falls, at the end of April 2008. The plaintiff further asserted that her landlord at the 61 Pacific Street address withheld her mail until she moved to the YWCA in Central Falls on August 6, 2008. The plaintiff argued that, as a result of her landlord's surreptitious activity, she was "unaware of any Arbitration hearings or proceedings at any time." The plaintiff also filed a memorandum in support of her motion to vacate entry of judgment, in which she stated that it was "doubtful that she ever received any notice of [the] arbitration hearing" and that it was "undisputed" that she "could not have received the arbitrator's award" and, therefore, could not timely reject the award. The plaintiff also averred in her affidavit that she reported the landlord's activity to the postal authorities.

A hearing was held on November 20, 2008. Because judgment on the arbitration award already had been entered, the trial justice addressed only plaintiff's motion to vacate the entry of judgment pursuant to Rule 60 of the Superior Court Rules of Civil Procedure. The plaintiff, through counsel, acknowledged that she had not provided her previous attorney with a forwarding address when she moved to 61 Pacific Street, Central Falls, at the end of April 2008. The plaintiff asserted, however, that she did provide a forwarding address to the post office and that mail was being forwarded to her and would have reached her, were it not for her landlord, who withheld her mail during her tenancy at that address. The plaintiff argued that because the landlord withheld her mail, "she clearly didn't receive the arbitrator's award in time to reject it," and that "[i]f there was evidence that she actually received the award, then [plaintiff] would be hard-pressed to show any kind of excuse on her part, but she never actually saw * * * an award." The plaintiff also stated that she filed a formal complaint concerning the landlord's activity with the postal authorities.

In response, defendant Rose alleged that plaintiff attended the hearing on March 7, 2007, which was continued, and therefore she "had notice" that another arbitration hearing was "upcoming." Mr. Rose also asserted that on January 31, 2008, a written notice was sent to plaintiff's previous attorney concerning the June 26, 2008 arbitration hearing and that, after plaintiff's attorney withdrew, another notice was sent directly to plaintiff at her address at 712 Pine Street, Central Falls.

Finding no "good cause or excusable neglect," the trial justice denied both of plaintiff's motions. The trial justice noted that plaintiff's affidavit supporting her motions was "extremely sparse," and she said that plaintiff did not "even really nail down when [the landlord] was withholding the

mail [or] when she made the complaint." The justice also questioned the truthfulness of plaintiff's statement that she was "unaware of any Arbitration hearings or proceedings at any time" in light of the fact that "[t]here's no dispute" that plaintiff appeared at the March 7, 2007 hearing and presumably knew that it was continued. The trial justice found that plaintiff's awareness of the arbitration proceedings created "an obligation to follow up, including the obligation to find out and know when the arbitration was and * * * how much time that she had to receive the award and how much time to reject." The plaintiff timely appealed.

## II

### Standard of Review

 Decisions on motions to vacate a judgment on an arbitration award and to file a rejection of an award out of time are "entrusted to the discretion of the trial justice," and we review such decisions "only for an abuse of that discretion or for an error of law." *Astors' Beechwood v. People Coal Co.*, 659 A.2d 1109, 1115 (R.I. 1995). "The burden of proof is on the moving party, * * * and although our review must be deferential, 'deferential review cannot be equated with no review at all.'" *Id.* (quoting *In re Scheri*, 51 F.3d 71, 75 (7th Cir.1995)).

## III

### Discussion

On appeal, Ms. Rivera argues that the trial justice abused her discretion in denying plaintiff's motions because she "ignored completely" the evidence presented in plaintiff's "*unopposed* affidavit," including evidence that plaintiff was unaware that she was *pro se* and that plaintiff's landlord was withholding her mail. Moreover, she asserts that neither the notices nor the arbitration award were sent to her by certified mail, as required by the April 2008 court order. The plaintiff argues that because this important safeguard of providing actual notice was not followed she "[c]learly * * * did not receive notice that her attorney had withdrawn." The plaintiff argues that, as a result of these circumstances, all of which were beyond her control, she received neither notice of her attorney's withdrawal, notice of the June 26, 2008 arbitration hearing, nor a copy of the arbitration award. She thus maintains that her failure to timely reject the award was the result of excusable neglect.

The defendants argue in response that the trial justice did not abuse her discretion in denying plaintiff's motions. According to defendants, plaintiff had "actual or constructive notice" of the ongoing arbitration because she "participated in the initial arbitration hearing, had knowledge that the hearing was to be continued, and was represented by counsel when the new hearing date was selected"; thus, they contend that "[s]he simply failed to monitor her own case." The defendants further assert that plaintiff's allegation that her landlord was withholding her mail is both immaterial to an excusable-neglect determination because plaintiff had notice of the arbitration proceedings, and unsubstantiated because plaintiff's affidavit did not name the landlord by name, did not specify the time period during which the landlord withheld the mail, did not make it clear whether the mail ever was recovered, and did not state the disposition of the formal complaint that plaintiff filed with the postal authorities. Finally, defendants argue that plaintiff's *pro se* status from April to October 2008 did not entitle her to more leniency because *pro se* litigants need to "follow the same rules as those * * * represented by counsel."

■ Rule 5(a) of the Superior Court Rules Governing Arbitration of Civil Actions states that a party seeking to reject an arbitration decision must file "a written rejection of the award on an approved form within 20 days after the arbitrator's award has been filed." Furthermore, Rule 6(b) of the Superior Court Rules Governing Arbitration of Civil Actions states that if no rejection of the arbitrator's award has been filed within twenty days of the award, "the court shall enter judgment" on it. We previously have held that "the Rules of Arbitration supplement, rather than supersede, the Rules of Civil Procedure" and "that the Rules of Civil Procedure and the interpretations of those rules are applicable to court-annexed arbitration proceedings." *Astors' Beechwood*, 659 A.2d at 1113, 1114. Therefore, a trial justice has discretionary power, upon a showing of excusable neglect, to vacate an arbitration award under Rule 60(b) of the Superior Court Rules of Civil Procedure[5] and to permit an untimely rejection of an award under Rule 6(b) of the Superior Court Rules of Civil Procedure.[6] *See Astors' Beechwood*, 659 A.2d at 1114.

■ Excusable neglect is "generally that course of conduct which a reasonably prudent person would take under similar circumstances." *Pari v. Pari*, 558 A.2d 632, 635 (R.I.1989). Unexplained neglect alone "will not automatically excuse non-compliance with orderly procedural requirements"; " 'some extenuating circumstance of sufficient significance' " is needed to render the neglect excusable. *Astors' Beechwood*, 659 A.2d at 1115 (quoting *King v. Brown*, 103 R.I. 154, 157, 235 A.2d 874, 875 (1967)). Excusable neglect has been defined as

"[a] failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party." *Pleasant Management, LLC v. Carrasco*, 960 A.2d 216, 224–25 (R.I.2008) (quoting *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 584 (R.I.2005)).

The excusable-neglect inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 225 (quoting *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). This includes "the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the

5. Rule 60(b) of the Superior Court Rules of Civil Procedure states in pertinent part:

"(b) *Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or *excusable neglect* * * *." (Emphasis added.)

6. Rule 6(b) of the Superior Court Rules of Civil Procedure states in pertinent part:

"(b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect* * * * but it may not exceed the time for taking any action under Rules 50(b)[,] 52(b), 59(b), (d), and (e), and 60(b) except to the extent and under the conditions stated in them." (Emphasis added.)

movant acted in good faith." *Id.* (quoting *Conetta v. National Hair Care Centers, Inc.*, 182 F.R.D. 403, 406 (D.R.I.1998) (quoting *Pioneer Investment Services Co.*, 507 U.S. at 395, 113 S.Ct. 1489)). We also have held that "to establish excusable neglect, the party generally must show that the circumstances that caused the party to miss a deadline were out of that party or counsel's control." *Boranian v. Richer*, 983 A.2d 834, 840 (R.I.2009). "[E]xcusable neglect is a question of fact and must be established by evidence." *Pari*, 558 A.2d at 635.

 In the case at hand, plaintiff avers that her failure to reject the arbitration award amounted to excusable neglect because she did not receive (1) notice of her attorney's withdrawal from the case; (2) notice of the arbitration hearing date; or (3) a copy of the arbitration award. Indeed, although the trial justice, in her order granting plaintiff's former counsel's motion to withdraw, required all notices to be sent to plaintiff by certified mail, there is no evidence in the record that any notices were actually sent by certified mail.[7] Nor is there any evidence that plaintiff received any other type of notice about her attorney's withdrawal, the arbitration hearing date, or the arbitration award. In *Leal v. Fontaine*, 636 A.2d 731, 731 (R.I. 1993) (mem.), we held that lack of notice regarding the referral to arbitration and the arbitration hearing entitled the defendant "as a matter of law to the vacation of the default judgment." Although here, plaintiff knew that her case was in arbitration, she similarly did not receive notice of the arbitration hearing, and in addition she did not receive notice that her attorney was no longer representing her and that an award had been issued against her. Clearly, it was beyond plaintiff's control

that notices were not sent to her by certified mail, as ordered by the Superior Court.

Ms. Rivera also asserts that any notices that may have been sent by regular mail did not reach her because her landlord at the 61 Pacific Street address, where she resided from April to August 2008, withheld her mail without her knowledge. The plaintiff's allegation is corroborated by the undisputed fact that she filed a formal complaint against the landlord with the postal authorities. The plaintiff argues that the landlord's activity was an "extenuating circumstance of sufficient significance" to constitute excusable neglect. *See Astors' Beechwood*, 659 A.2d at 1115. We agree. Not only did the landlord's activity prevent plaintiff from receiving notices sent by regular mail, plaintiff did not even become aware that she was not receiving such notices until she moved from 61 Pacific Street in August 2008, at which point the deadline to reject the arbitration award already had passed.

Furthermore, we previously have held that excusable neglect "should be interpreted flexibly" and should take into account " 'all relevant circumstances,' " including whether a party's omission was within his or her " 'reasonable control.' " *Pleasant Management LLC*, 960 A.2d at 225 (quoting *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489 and *Conetta*, 182 F.R.D. at 406); *cf. Coutu v. Porter*, 744 A.2d 405, 406 (R.I.1999) (mem.) (the defendants' attorney's failure to file a notice of rejection, because he did not receive a copy of the arbitrator's award, did not amount to excusable neglect because obtaining a copy of the award, after he had attended the hearing, "was fully within [the attorney's] control"); *Astors' Beechwood*, 659 A.2d at 1115, 1116 (the plaintiff's counsel's failure to file a notice of rejection, because he

---

**7.** Even the order granting the motion to withdraw, which contains the certified-mail requirement, does not indicate that a copy was mailed to plaintiff by certified mail.

was "busy" and "overlooked" the filing, did not amount to excusable neglect because filing the notice "was fully within his control"). Based on the circumstances of this case, we are satisfied that plaintiff's failure to timely reject the arbitration award was not the result of factors within her reasonable control. Upon moving from 712 Pine Street to 61 Pacific Street, plaintiff provided a forwarding address to the post office. Thus, any mail sent to her old address would have reached her, were it not for plaintiff's landlord, who withheld her mail during her residency at 61 Pacific Street. The plaintiff's failure to timely reject the arbitration award was not within her reasonable control because her landlord's activity, of which she was not aware, prevented her from learning about the hearing on June 26, 2008, and about the subsequent arbitration award against her.

The defendants argue that, because plaintiff had "actual or constructive notice" of the ongoing arbitration and was acting *pro se* from April to October 2008, she had an obligation to monitor her own case and was not entitled to special treatment when she failed to do so. Although such an argument might have merit if plaintiff were, in fact, aware that she was acting *pro se*, the record points to the contrary. As discussed *infra*, there is no evidence in the record that plaintiff received a copy of the order allowing her attorney to withdraw. It was therefore reasonable for her to believe that she was still being represented by her attorney and to rely on him to confirm the arbitration date, time, and place and to work diligently on her behalf.

We recognize that a litigant may not simply ignore her case, but rather she has a responsibility to maintain at least periodic contact with her attorney. In the particular circumstances of this case, however, we are satisfied that plaintiff's failure to reject the arbitration award in a timely fashion was the result of "extenuating circumstances of sufficient significance" to amount to excusable neglect. The plaintiff's uncontradicted affidavit avers that she did not receive a copy of the arbitration award until the twenty-day period in which to reject the award had passed. Nor does the record indicate that the award or any notice of the arbitration hearing was mailed to her by certified mail as required by court order.

Understandably, defendants offer no evidence to contradict plaintiff's assertion that her landlord withheld her mail. They argue, rather, that plaintiff attended the arbitration hearing on March 7, 2007, and thus had notice that the hearing had been continued and would reconvene, yet made no effort to monitor the case until after judgment had been entered. Indeed, the trial justice held that plaintiff had "an obligation to follow up, including the obligation to find out and know when the arbitration was and * * * how much time that she had to receive the award and how much time to reject."

It is our opinion, however, that plaintiff acted reasonably under the circumstances in which she found herself. The evidence strongly suggests that she was unaware that her attorney had withdrawn. Thus, we deem it reasonable for her to expect that her attorney would notify her of any rescheduled arbitration dates. Further, it is uncontroverted that she did not receive actual notice of the arbitrator's award until the time for rejection had passed. When she did find out, however, she immediately contacted another attorney who filed on her behalf a motion to vacate the award. Therefore, upon consideration of all the relevant circumstances surrounding plaintiff's failure to timely reject the arbitration award, we are satisfied that plaintiff acted as would a "reasonably prudent person * * * under similar circumstances." *See Pari*, 558 A.2d at 635.

Upon reviewing the facts and circumstances surrounding the plaintiff's failure to timely reject the arbitration award, we conclude that the plaintiff's justification for doing so was an "extenuating circumstance of sufficient significance" to amount to excusable neglect. Therefore, we hold that the trial justice abused her discretion by denying the plaintiff's motions to vacate the judgment on the arbitration award and to allow the plaintiff to file a rejection of the arbitration award out of time.

## IV

### Conclusion

For the reasons stated in this opinion, we vacate the order of the Superior Court. The record shall be remanded to the Superior Court with instructions to vacate the judgment on the arbitration award, to allow the plaintiff to file a rejection of the arbitration award out of time, and for further proceedings consistent with this opinion.